UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JASON G. BURNHAM,

                Plaintiff,

v.                                                        Case No.  5:05-cv-376-Oc-10GRJ

CITY OF MT. DORA, a municipal corporation;
OFFICER BRAD CLINE, in his individual
capacity,

                Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion To Remand To State Court.  (Doc. 4.)  Plaintiff requests that the Court remand the case to state court or, alternatively, remand only the state claims.  Defendants have filed a response to Plaintiff's Motion To Remand (Doc. 7), and the matter is now ripe for the Court's review.  For the reasons discussed below, Plaintiff's Motion To Remand (Doc. 4) is due to be **DENIED.**

## I. INTRODUCTION

On August 1, 2005, Plaintiff filed a complaint against the City of Mount Dora purporting to allege claims for false arrest and false imprisonment, violation of right to privacy, invasion of privacy, and violation of 42 U.S.C. § 1983. The complaint also includes claims against Defendant Officer Brad Cline in his individual capacity for invasion of privacy, intentional infliction of emotional distress, and violation of 42 U.S.C.

_____

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

§ 1983.[2]  The complaint was filed in the Circuit Court, for the Fifth Judicial Circuit in and for Lake County, Florida and was removed to this Court on August 29, 2005. [3]

Specifically, Plaintiff alleges that while walking in downtown Mount Dora, Officer Cline detained and questioned Plaintiff without reasonable suspicion or probable cause about "illegal drug use." [4]  Plaintiff denied any involvement with illegal drugs, but told Defendant Cline that he had a prescription for the generic drug Xanax.  Defendant Cline took Plaintiff's bottle of Xanax and examined the pills in the bottle.  In the process, the pills became wet and ruined the prescription.[5]

After returning the bottle of pills to Plaintiff, Defendant Cline patted down, frisked, and searched Plaintiff.[6]  Defendant Cline forced Plaintiff to remove the cross around his neck which Plaintiff told Defendant Cline contained the ashes of his dead daughter, Carli.[7]  Believing the cross contained cocaine, Defendant Cline broke the seal on the cross and poured the contents of the cross on to the hood of his patrol car.  After determining that the ashes were not cocaine, Defendant Cline brushed them onto the

---

[2]Doc. 3.

[3]Doc. 1.

[4]Doc. 3, at 3- 4, ¶¶ 14-18.

[5]Doc. 1, at 4, ¶ 19.

[6]Doc. 3, at 4-5, ¶  22.

[7]Id. at 5, ¶¶  22-27.

2

ground.[8]  Plaintiff then began to cry, and Defendant Cline told him that he was free to leave but warned Plaintiff that he "would be coming for him."[9]

Although, Plaintiff concedes that there is concurrent jurisdiction with regard to the claims under 42 U.S.C. § 1983 Plaintiff requests that the Court remand the entire case to state court or, at a minimum, decline to exercise supplemental jurisdiction over the state law claims.[10]  According to Plaintiff, the state law claims present novel issues of state law which predominate over the federal claims.[11]

Defendants argue that because this action was properly and timely removed, there is no basis for Plaintiff's Motion To Remand.[12]  Defendants also contend that where the state and federal claims arise out of a common nucleus of operative facts, a federal court should exercise supplemental jurisdiction over the state claims unless one or more of the four grounds listed in 28 U.S.C. § 1367(c) provide a basis for it to decline to do so.[13] According to Defendants, Plaintiff's Florida tort claims are "virtually subsumed" by the federal civil rights claims and that to separate these claims would be a waste of judicial resources, as well as a waste of the parties' resources.[14]

---

[8]Id. at 5-6, ¶¶ 28-29.

[9]Id. at 6, ¶ 31.

[10]Doc. 4 at 3.

[11]Id. at 5.

[12]Doc. 7 at 1-2.

[13]Id. at 3.

[14]Id. at 4.

## II.  DISCUSSION

### A.  Plaintiff's Request To Remand The Entire Case

Pursuant to 28 U.S.C. § 1441(a) a party may remove any case from a state court where the federal court has original jurisdiction,[15] but the removing party bears the burden of establishing such subject matter jurisdiction.[16]  Any doubts regarding the existence of removal jurisdiction should be resolved in favor of the non-removing party.[17]

Because Plaintiff's complaint contains civil rights claims arising  under 42 U.S.C. §1983[18] there is present in this case a claim over which this Court would have federal question jurisdiction. The Notice of Removal was filed within thirty days of Defendant's receipt of Plaintiff's complaint[19] and, therefore, this action was properly and timely removed.

Relying upon several cases from the Orlando Division of the Court,[20] Plaintiff requests that the Court remand this action to state court because the state law claims predominate over the federal claims. To the extent that Plaintiff requests the Court to remand the entire case, Plaintiff's request is contrary to binding Eleventh Circuit

---

[15] See 28 U.S.C. §1441(a).

[16] Univ. of Ala. v. The Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

[17] Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

[18] Doc. 7 at 1.

[19] Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil or proceeding shall be filed within thirty days after the receipt by the defendant . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." (emphasis added).

[20] See, e.g. Gosche v. Beary, No. 6:04-cv-1245-Orl-22KRS (M.D. Fla. Sept. 24, 2004); Bell v. Beary, No. 6:02-cv-302-Orl-18JGG (M.D.Fla. April 4, 2002)(endorsed order).

precedent, and is not supported by *Gosche*, the primary case from the Orlando Division upon which Plaintiff relies.

The Eleventh Circuit expressly held in *In re City of Mobile*,[21] that a district court has no authority under the removal statute,[22] or under 28 U.S.C. § 1367(c), to remand a case, as here, that properly has been removed. This principle is consistent with the long established view that once a district court obtains jurisdiction based on a federal claim, it has jurisdiction over the *entire* case, regardless of "other questions of fact or of law involved in it."[23]

The principle that the Court has no authority to remand a properly removed action was acknowledged by Judge Conway in *Gosche.* Although, on the facts in *Gosche* Judge Conway ultimately declined to exercise supplemental jurisdiction over the state law claims, she denied the request, there, to remand the entire action expressly relying upon *In re City of Mobile.*

---

[21] 75 F.3d 605, 607-08 (11th Cir. 1996).

[22] While Judge Birch in his dissent in In re City of Mobile concluded that a court may have authority to remand the entire case under 28 U.S.C. § 1441(c) the Plaintiff has not made such a request in this case. Moreover, to date no panel of the Eleventh Circuit has adopted Judge Birch's analysis of the meaning of "separate and independent claims" under § 1441(c). Rather, the majority in In re City of Mobile found that where both federal and state causes of action are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under 1441(c). In the instant case the claims relate to the same non-consensual stop and search and, therefore, cannot be construed as separate and independent. Accordingly, there is no basis under 1441(c) to remand the entire action to state court, including the federal claim.

[23] Osborn v. Bank of the United States, 22 U.S. 738 (1824); see also Siler v. Louisville & Nashville R.R. Co., 213 U.S. 175 (1909) ("The Federal questions . . . gave the circuit court jurisdiction, and, having properly obtained it, that court had the right to decide all the questions in the case, even though it decided the Federal questions adversely to the party raising them, or even if it omitted to decide them at all, but decided the case on local or state questions only.").  Wright, Miller, & Cooper, 13B Federal Practice and Procedure § 3567 at 106-07 (2d ed. 2005).

Accordingly, in accordance with *In re City of Mobile*, Plaintiff's request to remand the entire action, based on the argument that the state law claims predominate over the federal claims, is due to be **DENIED**.

## B. Supplemental Jurisdiction

Alternatively, Plaintiff also requests the Court to decline to exercise supplemental jurisdiction over the state claims and to remand them to state court.  Pursuant to 28 U.S.C. § 1367(a), "[t]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[24] The statute further provides that a "district court[] may decline to exercise supplemental jurisdiction over a claim" if:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction;

(4) in exceptional circumstances there are other compelling reasons for declining jurisdiction.[25]

---

[24]See also United Mine Workers v. Gibbs, 383 U.S. 715 (1966) (superseded by 28 U.S.C. § 1367 which, while similar to the three part analysis in Gibbs, codified and clarified the test courts should apply when deciding whether to exercise supplemental jurisdiction); Palmer v. Hospital Auth., 22 F.3d 1559, 1569 (11th Cir. 1994) (holding that "supplemental jurisdiction must be exercised in the absence of any of the four factors in section 1367(c)," but if one factor is present, the additional Gibbs factors of "judicial economy, convenience, fairness" and expectation of the parties, may be used to aid the court's determination in deciding whether to exercise supplemental jurisdiction.); Winn v. N. Am. Philips Corp., 826 F. Supp. 1424, 1425 (S.D. Fla. 1993) (discussing Gibbs in light of 28 U.S.C. § 1367); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 445 (2d Cir. 1998) (discussing the various approaches of the circuits to supplemental jurisdiction after 28 U.S.C. § 1367 was passed).

[25] 28 U.S.C. § 1367(c).

A supplemental claim that is dismissed without prejudice is tolled for thirty days so that the Plaintiff can re-file the claim in state court.[26]

Plaintiff argues that the Court should decline to assert supplemental jurisdiction based on the first two exceptions.  To determine whether complex state issues exist or whether the state claims predominate over the federal claims, a court must look to whether there are differences in the proof needed to establish the claims, the scope of the issues, or the comprehensiveness of the remedy sought.[27]

Here, the state tort claims for invasion of privacy, intentional infliction of emotional distress, and false imprisonment are fairly routine and  do not present any unique or complex issues of state law.  Moreover, the underlying facts which form the basis of Plaintiff's state law tort claims are the same facts, which form the basis of Plaintiff's federal civil rights claims. All of the claims in this case relate to the conduct of Officer Cline incident to the non-consensual stop and search of Plaintiff. Although, Plaintiff will be required to establish a federal constitutional violation to prevail on his § 1983 claim - and not simply to prove the commission of a tort[28] - nonetheless, it is the

---

[26]28 U.S.C. § 1367(d).

[27] United Mine Workers v. Gibbs, 383 U.S. at 726-27; see also Prater v. United Mine Workers, Dist. 20 & 23, 793 F.2d 1201, 1208 (11th Cir. 1986) (holding that the court could exercise supplemental jurisdiction where the state claims [interference with economic relations, assault, battery, and false imprisonment] were closely connected to the federal claim under § 303 of the Labor Management Relations Act, "aris[ing] out of a common nucleus of fact.").

[28] See, Dacosta v. Nwachukwa, 304 F.3d 1045, 1048 (11th Cir. 2002) ("Contact by a government actor that would amount to an intentional tort under state law would only rise to the level of a substantive due process violation if it "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty"--in other words, only if it affects individual rights guaranteed, explicitly or implicitly, by the Constitution itself.") (citing United States v. Salerno, 481 U.S. 739, 746 (1987)); Skinner v. City of Miami, 62 F.3d 344, 347 (11th Cir. 1995) ("[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.") (quoting Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotations omitted).

same stop and search by Officer Cline that predominates in both the federal and state claims.

While it remains to be seen whether the Plaintiff's § 1983 claims will survive, for purposes of the pending motion to remand, the Court concludes that the proof, the issues and the remedies sought in the state claims do not predominate over the federal claims.[29] Moreover, it would be a waste of judicial resources and an inconvenience to the parties to litigate in two separate forums claims that will involve the same witnesses, very similar proof and claims which, if successful, would produce the same damages Accordingly, Plaintiff's request for the Court to decline to exercise supplemental jurisdiction over the state law claims in this case and remand the state claims only is also due to be denied.[30]

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Motion To Remand To State Court (Doc. 4) be **DENIED**.

**IN CHAMBERS** in Ocala, Florida, on October 17, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
 The Honorable Wm. Terrell Hodges
 Senior United States District Judge

 Counsel of Record

---

[29] By denying remand of this action, the Court does not make any judgment on the merits of Plaintiff's federal or state claims, which are presently the subject of a pending motion to dismiss. (Doc. 8.) Moreover, in the event the federal claims are dismissed, this Court has the discretion under § 1367(c)(3) to revisit the issue of whether to exercise supplemental jurisdiction over the remaining state law claims. Where only state claims remain and trial has not commenced district courts have not hesitated in remanding the remaining state claims to state court for adjudication.

[30] Curiously, Plaintiff does not need to request the Court to remand the state claims because if Plaintiff wishes to proceed in state court with his state law claims, he may voluntarily dismiss the claims in this case and re-file them in state court. While this strategy would result in two lawsuits involving the same facts, Plaintiff is entitled to proceed in the venue and forum he chooses.